## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-

---

**Michael C. Tarpinian, on behalf of himself and all similarly situated persons,**

      Plaintiff,

**v.**

**SCI Colorado Funeral Services, LLC,**

      Defendant.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT
---

COMES NOW Plaintiff Michael C. Tarpinian ("Plaintiff"), by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against SCI Colorado Funeral Services, LLC ("SCI").

### Statement of the Case

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Colorado Wage Claim Act (the "Wage Claim Act"), C.R.S. § 8-4-101, *et seq.*, and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"), contain various rules regarding employee wages and working hours. SCI violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked, failing to compensate employees the applicable minimum wage for all

hours worked, and failing to compensate employees all earned wages immediately upon termination. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of SCI for these wage violations.

## Jurisdiction

2.  The Court has jurisdiction over the parties and subject matter of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## Venue

3.  The unlawful employment actions described below were committed in the State of Colorado. Venue is therefore proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

## Parties

4.  Plaintiff Michael C. Tarpinian is a resident of Colorado Springs, Colorado, and was employed with SCI as a Family Service Counselor from March 2015 through July 2017, in August 2018, and in June 2019.

5.  Defendant SCI Colorado Funeral Services, LLC is a Colorado limited liability company with its principal place of business located at 1929 Allen Parkway, Houston, Texas 77019.

## Factual Background

6.  SCI provides funeral and cremation services in Colorado and, upon information and belief, employs hundreds of employees in Colorado.

7. SCI employed Plaintiff as a Family Service Counselor from March 2015 to July 31, 2017, in August 2018, and again in June 2019.

8. As a Family Service Counselor, Plaintiff made cold calls to potential clients and called existing clients concerning funeral and cremation services provided by SCI. Plaintiff also arranged meetings with families and conducted follow up meetings and calls concerning SCI's services. Plaintiff conducted the majority of his work at SCI's office.

9. SCI paid Plaintiff a commission on a biweekly basis. This "commission" was never fully explained to Plaintiff other than it was for business that Plaintiff brought to SCI as part of his "sales."

10. SCI did not pay Plaintiff an hourly rate or a salary.

11. For some workweeks and pay periods, SCI failed to even pay Plaintiff the applicable minimum wage. For example, for the pay period beginning July 25, 2015 and ending August 7, 2015, SCI paid Plaintiff only $329.20 even though Plaintiff worked over eighty hours during that pay period. Similarly, for the pay periods ending October 2, 2015, November 27, 2015, December 11, 2015, June 24, 2016, July 8, 2016, September 30, 2016, March 3, 2017, April 28, 2017, June 23, 2017, and July 7, 2017, and for workweeks during those pay periods, SCI failed to pay Plaintiff the applicable minimum wage for all hours worked.

12. Although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, SCI did not pay Plaintiff the mandated time and one-

half rate for all of his overtime hours. Given the nature of his work, no overtime exemption applies to Plaintiff.

13. On information and belief, none of SCI's non-exempt Family Service Counselors were paid properly for their time worked.

### Class and Collective Action Allegations

14. Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES OF SCI WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED OR NOT COMPENSATED THE APPLICABLE MINIMUM WAGE FOR ALL HOURS WORKED.

15. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds one hundred.

   b. Numerous questions of law and fact regarding the liability of SCI are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from SCI's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

16. For all the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to SCI's common practice, policy, or plan regarding employee wages and hours.

**First Cause of Action**
**(Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq*.)**

17. Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein.

18. Plaintiff was an "employee" of SCI under the Fair Labor Standards Act. 29 U.S.C. § 203(e). Plaintiff consents to sue (signed form attached) in this action pursuant to 29 U.S.C. § 216(b).

19. While employed by SCI, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times SCI has been, and continues to be, an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. SCI is an "enterprise" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. 29 U.S.C § 203(r) and (s)(1).

22. At all relevant times, SCI has had annual gross volume of sales in excess of $500,000. 29 U.S.C. § 203(s)(1).

23. As a result of the foregoing conduct, SCI has violated, and continues to violate, the FLSA. 29 U.S.C. § 201, *et seq.* These violations were committed knowingly, willfully, and with reckless disregard of applicable law. 29 U.S.C. § 255.

24. As a result, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

**Second Cause of Action**
**(Violation of the Colorado Wage Claim Act**
**C.R.S. § 8-4-101, *et seq.*)**

25. Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein.

26. At all relevant times, SCI has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act. C.R.S. § 8-4-101(6).

27. At all relevant times, SCI employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act. C.R.S. § 8-4-101(5).

28. As a result of the foregoing conduct, as alleged, SCI failed to pay wages due under the Wage Claim Act, the FLSA, and the Colorado Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. SCI committed these

violations knowingly, willfully, and with reckless disregard of applicable law. C.R.S. § 8-4-109(3)(c).

29. As a result, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

30. As provided by the Wage Claim Act, C.R.S. § 8-4-109, Plaintiff hereby demands that SCI tender the following payments to him:

(a) an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly; and

(b) an amount sufficient to provide compensation for all hours worked that were not compensated at the applicable minimum wage.

This demand for payment is continuing and is made on behalf of any current SCI employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

### Third Cause of Action
### (Violation of the Colorado Minimum Wage Act
### C.R.S. § 8-6-101, *et seq.*)

31. Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein

32. At all relevant times, SCI was an "employer" within the meaning of the Colorado Minimum Wage Act.

33. At all relevant times, SCI has employed, and continues to employ, "employees," including Plaintiff, within the meaning of the Minimum Wage Act.

34. Plaintiff was an employee of SCI within the meaning of the Minimum Wage Act.

35. As a result of the foregoing conduct, SCI has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully, and with reckless disregard of applicable law.

36. As a result, Plaintiff and Class Members have been damaged in amounts to be proven at trial.

37. Plaintiff and Class Members are entitled to recover the unpaid balance of the full amount of such minimum wages. C.R.S. § 8-6-118.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief for himself and all Class Members pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 54, C.R.S. § 8-4-109, C.R.S. § 8-4-110, C.R.S. § 8-6-118, and Colo. R. Civ. P. 54 as follows:

    a. Judgment in Plaintiff and Class Members' favor and against SCI;

    b. Determining that the action is properly maintained as a collective and/or class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

    c. Ordering prompt notice of this litigation to all potential Class Members;

    d. Declaratory and/or injunctive relief as permitted by law or equity;

    e. Compensatory damages, including unpaid minimum wages and overtime wages;

    f. Liquidated damages and/or statutory penalties as provided by law;

    g.    Pre- and post-judgment interest at the highest rates allowed by law;

    h.    Costs and reasonable attorney fees; and

    i.    All other legal or equitable relief to which Plaintiff and Class Members are entitled.

## Jury Demand

**Plaintiff requests this matter be tried by a jury.**

Respectfully submitted this 12th day of December 2019.

> LAW OFFICES OF GREGORY E. GIVENS, P.C.
>
> */s/ Gregory E. Givens*
> Gregory E. Givens, #41810
> 18 N. Sierra Madre Street, Suite E
> Colorado Springs, CO 80903
> Telephone: 719-291-4353
> gegivens@hotmail.com
> *Attorneys for Plaintiff*
> *Michael C. Tarpinian*